1

2

3

4

5

6

7

8

9

10

11

12

13

14

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

Corey Lamont Holleman,

        Petitioner,

vs.

Charles L. Ryan, et al.,

        Respondents.

CV 15-0119-TUC-JGZ (JR)

**REPORT AND RECOMMENDATION**

15

16

17

18

19

20

21

22

      Pending before the Court is Corey Lamont Holleman's Petition for Writ of Habeas Corpus (Doc. 1) filed pursuant to 28 U.S.C. § 2254.  In accordance with the Rules of Practice of the United States District Court for the District of Arizona and 28 U.S.C. § 636(b)(1), this matter was referred to the Magistrate Judge for report and recommendation.  Rather than filing an answer, Respondents filed a Notice of Lack of Jurisdiction (Doc. 16) contending that the petition is a successive petition that cannot be considered by the Court unless Petitioner first obtains an order from the Ninth Circuit Court of Appeals as required by 28 U.S.C. § 2244(b)(3).  As explained

1

1  below, the Magistrate Judge recommends that the District Court, after an independent

2  review of the record, dismiss the Petition without prejudice.

3  **I.**  **FACTUAL AND PROCEDURAL BACKGROUND**

4      The Petition at issue is Holleman's second in this Court raising claims

5  associated with his June 15, 2007 conviction in the Pima County Superior Court, No.

6  CR 20064587, for possession of a narcotic drug for sale.

7      Holleman filed his first petition (the "First Petition") in 2010.  *See Holleman*

8  *v. Hartsuck*, No. CV 10-433-TUC-CKJ (D. Ariz. judgment entered May 15, 2013).

9  In the First Petition, Holleman raised four claims.  He asserted that (1) his Sixth

10  Amendment rights were violated because he was not present during jury selection;

11  (2) the trial court's accomplice liability instruction violated his rights under the Sixth

12  and Fourteenth Amendments; (3) the trial court's jury instruction improperly shifted

13  the burden of proof from the prosecution to the defense; and (4) the trial court

14  violated the rule of *Blakely v. Washington*, 542 U.S. 296 (2004), by finding the

15  existence of prior convictions using a standard of proof below the beyond-a-

16  reasonable-doubt standard.  The District Court denied the First Petition and

17  dismissed the case with prejudice by Order dated May 15, 2013.  *See Holleman v.*

18  *Hartsuck*, No. CV 10-00433-TUC-JGZ, Doc. 22.

19      On March 25, 2015, Holleman filed the petition at issue in this case (the

20  "Second Petition").  Doc. 1.  In the Second Petition, Holleman alleges that his trial

21  and appellate counsel rendered ineffective assistance.  *Id*., pp. 6-7.

22

## II.   <u>LEGAL DISCUSSION</u>

Respondents contend that the Second Petition is barred by the limitations on second or successive petitions found in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").   The AEDPA provides that a claim presented in a successive petition that was not raised in a prior petition must be dismissed unless it falls within two narrow categories of claims.   Successive petitions are permitted to address new rules of constitutional law, 28 U.S.C. § 2244(b)(2)(A), or newly discovered facts that establish actual innocence, 28 U.S.C. § 2244(b)(2)(B). However, even if the claims qualify under the narrow categories, the AEDPA "gatekeeping provisions" provide that, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."   28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 149 (2007).

There is nothing in the record that indicates Holleman filed the required motion in the Ninth Circuit Court of Appeals.   In fact, Holleman does not contend that he sought authorization for a successive petition.   Rather, he argues that it was not necessary to seek authorization and offers the following quote from a Fifth Circuit decision:

> [S]ince passage of the AEDPA, the First, Second, Seventh, and Ninth Circuits have concluded that a habeas petition refiled after dismissal without prejudice is neither second nor successive.

1    *In re Gasery*, 116 F.3d 1051, 1052 (5th Cir. 1997).  Based on this holding, Holleman

2    contends that the Second Petition, like that addressed by the Fifth Circuit in *Gasery*,

3    is "merely a continuation of his first collateral attack [and] not a second or successive

4    petition within the meaning of [§] 2244(b)."  *Petitioner's Response* (Doc. 17), pp. 2-

5    3.

6         However, as Respondents contend, Holleman's argument is founded upon a

7    faulty premise.  As noted above, Holleman's First Petition was dismissed with

8    prejudice.  As such, the authorization of the Second Petition is an issue for the Ninth

9    Circuit to consider.  *Burton*, 549 U.S. at 153 (the circuit court "may authorize the

10    filing of the second or successive [petition] only if it presents a claim not previously

11    raised that satisfies one of the two grounds articulated in § 2244(b)(2).")  Because the

12    record establishes that the Second Petition is a successive petition and Holleman has

13    neither sought nor received authorization from the Ninth Circuit for its filing, this

14    Court lacks jurisdiction to consider the Second Petition.

15    **III.**    **CERTIFICATE OF APPEALABILITY**

16         "The district court must issue or deny a certificate of appealability when it

17    enters a final order adverse to the applicant."  Rule 11(a), Rules governing § 2254

18    Proceedings.  Because the Magistrate Judge recommends that the District Court

19    conclude that it is without jurisdiction to entertain the Second Petition, the court must

20    therefore determine whether to issue a certificate of appealability.  A state prisoner

21    seeking a writ of habeas corpus has no absolute entitlement to appeal a district

22    court's denial of her petition, and an appeal is only allowed in certain circumstances.

4

*Miller–El v. Cockrell*, 537 U.S. 322, 335–336 (2003).  Section 2253 controls the

determination whether to issue a certificate of appealability and provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from-
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.

If a court denies a petitioner's petition, the court may only issue a certificate

of appealability when a petitioner makes a substantial showing of the denial of a

constitutional right. 28 U.S.C. § 2253(c)(2).  To make a substantial showing, the

petitioner must establish that "reasonable jurists could debate whether (or, for that

matter, agree that) the petition should have been resolved in a different manner or

5

1   that the issues presented were 'adequate to deserve encouragement to proceed

2   further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*,

3   463 U.S. 880, 893 (1983)).

4          In this case, a certificate of appealability should be denied because there is no

5   doubt that Holleman did not seek or obtain authorization to file the Second Petition

6   and the Court therefore lacks jurisdiction.   Additionally, Holleman has cited no

7   legitimate basis upon which he is entitled to continue pursuit of his claims.

8   **IV.    RECOMMENDATION**

9          Based on the foregoing, the Magistrate Judge **RECOMMENDS** that the

10  District Court, after its independent review, **dismiss without prejudice** Holleman's

11  Petition for Writ of Habeas Corpus (Doc. 1) for lack of jurisdiction and **deny** a

12  certificate of appealability.

13         This Recommendation is not an order that is immediately appealable to the

14  Ninth Circuit Court of Appeals.   Any notice of appeal pursuant to Rule 4(a)(1),

15  Federal Rules of Appellate Procedure, should not be filed until entry of the District

16  Court's judgment.

17         However, the parties shall have fourteen (14) days from the date of service of

18  a copy of this recommendation within which to file specific written objections with

19  the District Court.   *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the

20  Federal Rules of Civil Procedure.   Thereafter, the parties have fourteen (14) days

21  within which to file a response to the objections.   If any objections are filed, this

22  action should be designated case number: **CV 15-0119-TUC-JGZ**.   Failure to timely

file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003) (*en banc*).

Dated this 9th day of November, 2015.

Jacqueline M. Rateau
United States Magistrate Judge